

# The Attorney General of Texas

October 24, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Iouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable H. Ownby
Criminal District Attorney
Collin County Courthouse
McKinney, Texas    75069

Opinion No. JM-82

Re:    Whether  commissioner  of
Collin  County  may  donate use of
forms  copyrighted  in  his  own
name to Collin County and sell
use of forms to other counties

Dear Mr. Ownby:

You have asked whether a county commissioner may donate "simplex forms" for use in justice of the peace offices. You stated that these forms have been copyrighted and that the commissioner intends to market these forms to other counties in Texas. We assume that such distribution and sale of these forms is being pursued by the commissioner in his private capacity and for personal gain or profit. Collin County, however, will not expend any county funds for the use of the forms.

For purposes of this opinion we assume but do not decide that Collin County has authority to accept donated forms of the type in question. In Bridewell v. Clay, 185 S.W.2d 170, 172 (Tex. Civ. App. – Dallas 1944, writ ref'd) (quoting 38 C.J.S., Gifts §3, at 781), the court stated:

> It is also said that a gift is 'a contract which takes place by the mutual consent of the giver, who divests himself of the thing given in order to transmit the title of it to the donee gratuitously, and the donee, who accepts and acquires the legal title to it; it operates, if at all, in the donor's lifetime, immediately and irrevocably, and is a gift executed, no further act of parties, no contingency of death or otherwise, being needed to give it effect.'

This decision indicates that the offer of a gift by a donor, together with its acceptance by a donee, constitutes a "contract."

Article 2364, V.T.C.S., provides:

> No member of the commissioners court or any county officer shall be, either directly or

indirectly, interested in any such contract [for forms and stationery supplies].

In our opinion, article 2364 means that a county official may not profit, either directly or indirectly, from the supplying of goods or services to his county. In the present instance, we presume that all parties to the transaction are acting in the public interest. Nevertheless, we can imagine instances in which a county official's donation of goods or services to his county might have a substantial impact on future elections. Moreover, the facts submitted to us indicate that this commissioner intends to use Collin County as a showcase for the sale of his forms to other counties. Although we may not agree with the strictness of the prohibition of article 2364, we believe it is clear that it embraces the circumstances related here. It is therefore our opinion that, under the facts presented, a commissioner may not donate the use of "simplex forms" to his county.

## S U M M A R Y

Under the circumstances described, a county commissioner is prohibited by article 2364, V.T.C.S., from donating "simplex forms" for use by his county.

Very truly yours,

JIM MATTOX
Attorney General of Texas

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Nancy Sutton